Matter of Sweeney v Air Stream A.C. Co. (2018 NY Slip Op 08613)





Matter of Sweeney v Air Stream A.C. Co.


2018 NY Slip Op 08613


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526761

[*1]In the Matter of the Claim of CHARLES SWEENEY III, Appellant,
v
AIR STREAM AIR CONDITIONING CO. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Robert Golan, PC, Plainview (John F. Clennan, Ronkonkoma, of counsel), for appellant.
William O'Brien, State Insurance Fund, Melville (Janis M. Riekstins of counsel), for Air Stream Air Conditioning Co. and another, respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed February 6, 2018, which, among other things, ruled that claimant's application for review failed to comply with the requirements of 12 NYCRR 300.13 (b) (4) (v).
Claimant, a heating, ventilation and air conditioning technician, sustained a work-related injury to his right bicep in August 2016. Ultimately, claimant, the employer and the State Insurance Fund stipulated that claimant had a 30% schedule loss of use of his right arm, and claimant was awarded benefits in the amount of $80,900.35, less payments already made. The stipulation was embodied in a decision of the Workers' Compensation Law Judge (hereinafter WCLJ) filed on October 3, 2017.
Claimant subsequently filed a request for further action, contending that the State Insurance Fund did not tender payment within the 10-day period set forth in Workers' Compensation Law § 25 (3) (f), and a hearing was scheduled for November 2017. At that hearing, counsel for claimant accepted the documentation offered by the State Insurance Fund as to the payment date, stating, "It looks like it's timely," prompting the WCLJ to issue a decision finding that the payment to claimant indeed was timely. Claimant thereafter sought review by the Workers' Compensation Board, contending that there had been a mistake in calculating the timeliness of the payment and again requesting a hearing. The Board denied claimant's application, citing claimant's failure "to interpose a specific objection or exception to the WCLJ's [*2]ruling at the hearing . . . that the award . . . was paid timely" (citing 12 NYCRR 300.13 [b] [4] [v]). This appeal by claimant ensued.
We affirm. Workers' Compensation Law § 25 (3) (f) provides, insofar as is relevant here, that "[i]f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within [10] days . . ., there shall be imposed a penalty equal to [20%] of the unpaid compensation which shall be paid to the injured worker or his or her dependents." Although claimant is correct that the penalty provision of the statute "is mandatory and self-executing" (Matter of Laverghetta v Tug Edge Dairy, 56 AD3d 913, 914 [2008]), whether the State Insurance Fund's payment to claimant was in fact timely was a factual issue that should have been developed at the November 2017 hearing before the WCLJ. Notably, despite being in possession of documentation suggesting that the payment to claimant was not made until October 16, 2017 — three days after the allotted 10-day period — counsel for claimant nonetheless accepted the documentation offered and representations made by the State Insurance Fund at the hearing as to the timeliness of the payment, acknowledged that the payment to claimant appeared to be timely, offered no proof in opposition thereto and failed to take exception or raise any objection to the WCLJ's subsequent finding that the payment was in fact timely. Under these circumstances, the Board was within its discretion to deny claimant's application for review based upon claimant's failure to "interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.